JUDGE PRYOR
delivered the opinion op the court.
The present case is unlike that of a bona fide possessor or purchaser of land making improvements upon it under the belief that he has a perfect title. Where there is a want of notice as to the defect in his claim or chain of title, the chancellor will, when requiring him to account for rents to the real owner, make to him compensation for his ameliorations and improvements, such as are permanent and enhance the value of the estate. Every principle of natural justice would require in such a case that the compensation should be allowed.
Does this rule apply in a case where the party entered as a trespasser, or with a full knowledge of the inferiority of his title, having acquired the possession as well as the title • by fraudulent representations? Is it reasonablepr just to aid the wrong-doer, or attempt to place him in statu quo by giving to him all the relief that a bona fide purchaser could obtain or is entitled to upon a rescission ?
The facts in this case conduce to show that the land exchanged with the appellant ivas almost worthless, and that an unconscionable advantage was obtained by fraudulent representations in regard to its quality and value. In such a case the appellee should be treated as having entered upon the land of the appellant with a full knowledge that the entry was without right or title. It is true the chancellor may, and will in certain cases, allow for the improvements where it would be manifestly unjust to withhold them; but in the present case, where it is evident that the innocent party, if made to pay for the improvements, is still the loser, will not the chancellor place the latter in statu quo at the expense, if necessary, of the wrong-doer ? The appellee has no more equitable right to improvements in this case than if he had placed them upon appellant’s premises without any contract, and with the full knowledge that the appellant was the real owner. The appellant was induced to make the trade by the repre *410 sentations of the appellee. He confided in what was said to him about the land in Missouri, and its production. Those statements turned out to be false, and to have been made for the purpose of inducing the appellant to make the exchange.
The appellant, relying on the representations, surrendered his home, sold his personalty, removed to the land in Missouri, where he ascertained for the first time that he had been imposed upon; returned to Kentucky, and has been compelled to engage in a protracted litigation for the purpose of obtaining the possession of his property, the title to which had been procured from him and vested in the appellee by the fraud of the latter.
The actual expense of going to and returning from Missouri may not be estimated in ascertaining the damages; but taking into consideration such damages as are necessarily incident to canceling such a transaction, can it be maintained that the chancellor will or ought to allow the wrong-doer every dollar that he has paid for the appellant, as well as every dollar he has expended for improvements, so as to place him in statu quo and leave the appellant to incur all the damages that he must necessarily have sustained without affording him any relief? In other words, is the wrong-doer to be treated as the innocent purchaser ? It would be in violation of the plainest rules of equity to so adjudge.
While the chancellor will not convert his court into a common-law tribunal for the purpose of awarding damages, he will, in the administration of equity between these parties, consider the injury that must necessarily have been inflicted upon the innocent party in such a case, and afford relief to the extent at least of withholding from the party in fault any compensation for his improvements. The claim for improvements in this case has no foundation in equity, and it would be unjust and inequitable to take the money of the appellant to pay the appellee for them.
*411 The appellant, from the proof, should have been allowed $500 per annum rent with the interest, the item of $2.50 for examining record of title, and $6.00 taxes. The claim for $600 made by appellee for improvements must be excluded. The rent with the interest and $8.50, amount of two small items, taken from the sum of $3,026.84, amount paid by appellee for the appellant, will show what the real indebtedness was at the date of the commissioner’s report in this case, for which a judgment should be rendered, etc.
The judgment below is reversed, and cause remanded for further proceedings consistent with this opinion.